UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CYPRESS INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 7:24-cv-746-ACA ) |
| **SHANE FOLEY, et al.,** | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Shane Foley filed suit in state court against Cottondale Mobile Home Movers, LLC; its owner, Jeremy Pope; and its employee, Chris Brewer, for damages arising from a car accident. Cottondale had a business auto insurance policy issued by Cypress Insurance Company. Cypress filed this federal lawsuit under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), naming Mr. Foley, Cottondale, Mr. Pope, and Mr. Brewer and seeking a declaration that (1) the policy does not provide any liability coverage for Cottondale, Mr. Foley, Mr. Pope, or Mr. Brewer; and (2) it owes no duty to defend or indemnify Cottondale, Mr. Pope, or Mr. Brewer from Mr. Foley's claims.

Mr. Foley moves to dismiss this action or to transfer it to the state court hearing the underlying case. (Doc. 12). The court **DENIES** the motion because the

court lacks the authority to transfer this case to state court and Mr. Foley has not shown why dismissal is appropriate. Mr. Foley must file his answer to the operative **on or before July 2, 2025.**

Cypress moves for summary judgment in its own favor. (Doc. 46). While that motion was pending, the court ordered Cypress to show cause why it should not dismiss as unripe Cypress's request that the court enter a declaratory judgment about its duty to indemnify. (Doc. 49). Based on the summary judgment briefing and the jurisdictional briefing, the court **DENIES** Cypress's motion for summary judgment on its claim about the duty to defend and **WILL DISMISS** the duty to indemnify claim **WITHOUT PREJUDICE** as unripe.

1. Mr. Foley's Motion to Dismiss or to Transfer

Mr. Foley's motion seeks two alternative forms of relief: either transfer of the case to the state court that is presiding over his lawsuit or dismissal the case. (Doc. 12). This court cannot transfer a case to state court. *Cf.* 28 U.S.C. §§ 1404, 1631 (authorizing federal district courts to transfer cases to other federal district courts, but not to any state courts). Accordingly, the court **DENIES** the motion to transfer this case to state court without further discussion.

Mr. Foley seeks dismissal on two grounds: (1) the court should decline to exercise jurisdiction under the Declaratory Judgment Act; and (2) jury questions exist about the merit of the claims he brought in his state court lawsuit. (Doc. 12 at

3–4, 10–22). As an initial matter, whether his claims in the state court lawsuit are meritorious is irrelevant to the determination whether Cypress's complaint states a claim. The question is whether Cypress's request for declaratory judgment about its duty to defend Cottondale, Mr. Pope, and Mr. Brewer "is plausible on its face." *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Mr. Foley's ability to prevail in his claims against Cottondale, Mr. Pope, and Mr. Brewer does not affect the analysis whether Cottondale's insurance policy provides a duty to defend Cottondale, Mr. Pope, and Mr. Brewer. The court **DENIES** the motion to dismiss on that ground.

Turning to Mr. Foley's request that the court decline to exercise jurisdiction (doc. 12 at 3–4), a federal district court has discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Eleventh Circuit has identified various non-exhaustive factors that courts may consider when deciding whether to exercise jurisdiction. *See Ameritas Variable Life Ins. Co. v. Roach*. 411 F.3d 1328, 1331 (11th Cir. 2005). Mr. Foley argues that because he moved the state court for a declaratory judgment stating that Cypress owes him coverage under the policy, the existence of parallel proceedings weighs in favor of declining to exercise jurisdiction. (Doc. 12 at 2–4).

The court takes judicial notice that the state court has granted summary judgment in favor of Cypress on all of Mr. Foley's claims against it and dismissed it from the underlying action. *See Foley v. Pope*, 63-CV-2022-900379, doc. 221 (Tuscaloosa Cnty. Cir. Ct. Dec. 4, 2024). So Mr. Foley's request for the state court to issue declaratory relief against Cypress is moot.

The court has considered the other factors highlighted in *Ameritas* and concludes that declining to exercise jurisdiction in this case is not appropriate. *See Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331. Accordingly, the court **DENIES** Mr. Foley's motion to dismiss the complaint.

Although not docketed as such, Mr. Foley's motion to dismiss also answers the complaint. (*See* doc. 12 at 4–6) (admitting or denying various paragraphs of the complaint); Fed. R. Civ. P. 8(b)(1)(B) (requiring a response to a pleading to "admit or deny the allegations asserted against it by an opposing party"). This is not a procedurally proper form for Mr. Foley's answer. However, because Mr. Foley filed it within the time to submit a responsive pleading, the court will permit Mr. Foley to file a separate answer that complies with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7 (differentiating between motions and pleadings); Fed. R. Civ. P. 8(b), (c) (setting out the general rules of pleading); Fed. R. Civ. P. 10 (describing the form of pleadings). Mr. Foley must file his answer **on or before July 2, 2025.**

2. Cypress's Motion for Summary Judgment

Cypress seeks entry of summary judgment in its favor on its claims that (1) the policy does not provide any liability coverage for Cottondale, Mr. Foley, Mr. Pope, or Mr. Brewer; and (2) it owes no duty to defend or indemnify Cottondale, Mr. Pope, or Mr. Brewer from Mr. Foley's claims. (Doc. 6 ¶¶ 26–40). The question whether Cypress has any duty under the policy depends on whether the policy provides liability coverage. So the court begins with the duty to defend before turning to the duty to indemnify.

a. Duty to Defend

In support of its motion for summary judgment, Cypress points to evidence discovered during the underlying state court lawsuit. (Doc. 46-1 at 2–32; docs. 44-1 to 44-3). But because Cypress asks this court to determine whether its policy requires it to defend Cottondale, Mr. Pope, and Mr. Brewer, the court must begin by looking at the "allegations contained in the [underlying state court] complaint." *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005) (quotation marks omitted). Where the allegations in the underlying complaint would, if true, establish a duty to defend, the court may not consider evidence outside the pleading. *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1065 (Ala. 2003) ("If the allegedly injured person's complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the

5

evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence."). The court may consider extrinsic evidence only where the allegations in the underlying complaint neither exclude nor affirmatively allege a covered claim; in other words, when the complaint leaves the existence of coverage ambiguous. *Id*. at 1064. Accordingly, the court begins with the state court complaints before addressing the evidence on which Cypress relies.

Mr. Foley filed three complaints in the underlying state court case. (*See* docs. 1-2, 1-3, 1-4). In Alabama, "[a]n amended complaint supersedes the previously filed complaint and becomes the operative pleading, unless it subsequently is modified." *Ex parte Puccio*, 923 So. 2d 1069, 1072 (Ala. 2005). The court therefore draws its description of the facts from Mr. Foley's operative complaint, which is the second amended complaint.[1] *See id.*

In the operative state court complaint, Mr. Foley alleged that on December 16, 2021, Cottondale was towing a mobile home. (Doc. 1-1 at 3 ¶ 1, 4 ¶ 3). Mr. Brewer, a Cottondale employee, was driving the truck through a muddy and rutted road. (*Id.* at 3 ¶ 1, 5 ¶ 10, 6 ¶ 14, 7 ¶ 21). Mr. Foley was attempting to help the truck through the mud by placing mats or boards under the tires. (*Id.* at 4 ¶ 3, 6

---

[1] Cypress points out that some of the allegations in Mr. Foley's various state court complaints are inconsistent or contradictory. (*See* doc. 46-1 at 4 n.6, 12 n.10). It relies on the allegations in the earlier iterations of Mr. Foley's complaint to establish that it lacks a duty to defend. (*Id.* at 3–4 ¶¶ 7–8). But it offers no legal authority for why the court may look at superseded pleadings instead of the operative pleading. (*See generally* doc. 46-1).

6

¶ 14). While Mr. Pope—who is both the owner and an employee of Cottondale—supervised, Mr. Brewer backed the truck up, pinning Mr. Foley between it and another Cottondale vehicle and seriously injuring him. (*Id.* at 3 ¶ 1, 4 ¶ 3, 13 ¶ 38). Mr. Foley expressly alleges that he was not employed by Cottondale but was instead volunteering. (Doc. 1-1 at 4 ¶ 3, 6 ¶ 14, 8 ¶ 23). He brought claims against Cottondale, Mr. Pope, Mr. Brewer, Cypress, and various fictitious defendants. (*Id.* at 5–18).

Cottondale had a business auto insurance policy issued by Cypress. (Doc. 1-1 at 12). The policy required Cypress to "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (Doc. 1-1 at 16). It also gave Cypress "the right and duty to defend any 'insured' against a 'suit' asking for such damages," but it did not require Cypress to "defend any 'insured' against a 'suit' seeking damages for 'bodily injury' . . . to which this insurance does not apply." (*Id.*).

In relevant part, the policy defines an "insured" as Cottondale (*see* doc. 1-1 at 12, 16), or "[a]nyone else while using with [Cottondale's] permission a covered 'auto'" (*id.* at 16). The policy has three exclusions relevant to the current motion for summary judgment: the "workers' compensation exclusion," the "employee indemnification and employer's liability exclusion," and the "fellow employee

7

exclusion." (Doc. 1 ¶¶ 4, 31–33). The workers' compensation exclusion excludes coverage for "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation . . . law." (Doc. 1-1 at 17). The employee indemnification and employer's liability exclusion excludes coverage for "'[b]odily injury' to . . . an 'employee' of the 'insured' arising out of and in the course of: (1) Employment by the 'insured'; or (2) Performing the duties related to the conduct of the 'insured's' business." (*Id.* at 18). The fellow employee exclusion excludes coverage for "'[b]odily injury to . . . [a]ny fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business." (*Id.*). Each of these exclusions depends on Mr. Foley's status as an "employee."

Cypress contends that all exclusions apply and the insurance policy does not cover this accident because Mr. Foley was an employee of Cottondale. (Doc. 46-1 at 1, 8–15; *see* doc. 1 ¶¶ 33, 7 ¶ 40, 8 ¶ b). But the operative complaint in the state court action expressly alleges that Mr. Foley was *not* an employee of Cottondale. (Doc. 1-1 at 4 ¶ 3, 6 ¶ 14, 8 ¶ 23). Even as the summary judgment stage, the court must accept that allegation as true, despite the existence of evidence that the allegation is untrue. *See Hartford Cas. Ins. Co.*, 928 So. 2d at 1009; *Tanner*, 874 So. 2d at 1065 ("If the allegedly injured person's complaint against the insured *alleges* a covered accident or occurrence, then the insurer owes the duty to defend

even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence.") (emphasis added). The Alabama Supreme Court has emphasized that it "has never held that, even though the allegations of a complaint *do* allege a covered accident or occurrence, the courts may consider evidence outside the allegations to disestablish the duty to defend." *Tanner*, 874 So. 2d at 1064. Accordingly, the court **DENIES** Cypress's motion for summary judgment on its claim that it owes no duty to defend Cottondale, Mr. Pope, and Mr. Brewer.

    b. *Duty to Indemnify*

The claim that Cypress owes no duty to indemnify depends on the possibility that Mr. Foley will prevail in the underlying state court lawsuit and will be awarded damages. (*See* doc. 6 ¶¶ 26–40). That claim implicates the court's subject matter jurisdiction under Article III, which requires that the court "adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Article III requires that claims be ripe. *See Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1202 n.2 (11th Cir. 2021). A claim is not ripe if it is "contingent on future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (alteration and quotation marks omitted). And if the court lacks subject matter jurisdiction over a claim or an action, it must dismiss that claim or action. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013).

Longstanding Eleventh Circuit precedent provides that an insurer's request for a declaration about its duty to indemnify is not ripe until a judgment has been entered against the insured. *See Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 455, 461 (5th Cir. 1960);[2] *see also Allstate Ins. Co. v. Emps. Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971); *Emps. Ins. Co. of Wausau v. Pool*, 2023 WL 4230892, at *2 (11th Cir. June 28, 2023) ("We will not consider a declaratory judgment action on an insurance company's duty to indemnify until the underlying suit establishes the tortfeasor's liability. Until then, any declaratory judgment would improperly announce a hypothetical obligation (or lack thereof) to indemnify, which might never arise.") (quotation marks and citation omitted);[3] *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770–71 (11th Cir. 2019) (affirming the district court's dismissal of the insurer's duty to indemnify claims for lack of ripeness); *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.").

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] The court finds the unpublished cases cited above persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022).

Cypress contends that a recent Eleventh Circuit decision establishes that the duty to indemnify is ripe as long as the duty to defend is ripe. (Doc. 50 at 8–10). In *Snell v. United Specialty Insurance Company*, 102 F.4th 1208, 1212 (11th Cir. 2024), an insurance company refused to defend its insured against a negligence claim. The insured filed suit against the insurance company seeking, among other things, a declaration that the insurer had a duty to indemnify him. *Id.* at 1214. After the district court granted summary judgment in favor of the insurer, the insured appealed, arguing that summary judgment was premature because Alabama law precluded ruling on the duty to indemnify before the underlying case went to judgment. *Id.* at 1217. The Eleventh Circuit disagreed, explaining that although Alabama law "often" requires a finding of facts adduced at trial to determine whether the insurer owes a duty to indemnify the insured, "the duty to indemnify under Alabama insurance law can, at least under some circumstances, be decided before the underlying action reaches judgment." *Id.* at 1219.

The *Snell* decision is distinguishable from this case. It does not address Article III ripeness, but instead whether Alabama law permits consideration of a duty to indemnify claim before issuance of a judgment in the underlying lawsuit. *See Snell*, 102 F.4th at 1218–19 (discussing Alabama caselaw about the ripeness of a duty to indemnify claim). The *Snell* decision's silence about Article III ripeness cannot be construed as a *sub silentio* jurisdictional holding. *See In re Bradford*, 830 F.3d 1273,

11

1278 (11th Cir. 2016) ("[W]hen it comes to questions of jurisdiction, [courts] are bound only by explicit holdings.").

Even if *Snell* addressed federal jurisdiction, it did not hold that every duty to indemnify claim is ripe when the duty to defend claim is ripe. *See Snell*, 102 F.4th at 1218 (explaining that an Alabama Supreme Court decision "shows that the duty to indemnify can, *under some circumstances*, be decided before the underlying case reaches judgment") (emphasis added). Cypress's only argument about the circumstances that would permit a finding of ripeness here is that "all the evidence in the [s]tate [c]ourt [s]uit establishes" that an exclusion precludes coverage. (Doc. 50 at 10). But as the court has explained, consideration of evidence outside the operative state court pleading is inappropriate in this case. Accordingly, a declaration from this court about Cypress's duty to indemnify is inappropriate because such a declaration is "contingent on future events that may not occur as anticipated, or indeed may not occur at all." *Support Working Animals, Inc.*, 8 F.4th at 1202 n.2.

### 3. Summary

The court **DENIES** Mr. Foley's motion to dismiss or to transfer the case. (Doc. 12). The court **DENIES** Cypress's motion for summary judgment. (Doc. 46). The court **WILL DISMISS** Cypress's duty to indemnify claim as unripe in a separate order.

Mr. Foley must file his answer to the operative complaint **on or before July 2, 2025**. To facilitate entry of the scheduling order, the court **ORDERS** the parties confer again and submit an updated Federal Rule of Civil Procedure 26(f) report **on or before July 9, 2025**.

**DONE** and **ORDERED** this June 25, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE